**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02488-WJM-BNB

MERCURY COMPANIES, INC.,

     Plaintiff,

v.

FNF SECURITY ACQUISITION, INC.,
FIDELITY NATIONAL TITLE COMPANY f/k/a SECURITY TITLE GUARANTY CO.,
USA DIGITAL SOLUTIONS, INC.,
AMERICAN HERITAGE TITLE AGENCY, INC.,
MERCURY SETTLEMENT SERVICES OF UTAH, INC., and
UNITED TITLE COMPANY, INC.,

     Defendants.

---

## ORDER DENYING MOTION TO WITHDRAW THE REFERENCE

---

This matter is before the Court on Defendants' Motion to Withdraw the Reference. (ECF No. 1.) Defendants seek to have the referral of this action to the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court") withdrawn, and have the action moved to this Court. The Motion is fully briefed and ripe for adjudication. (*See also* ECF No. 7, 14.) For the following reasons, Defendants' Motion to Withdraw the Reference is DENIED.

## I. BACKGROUND

On August 28, 2008, Mercury Companies, Inc. filed a voluntary petition for Chapter 11 bankruptcy protection in the Bankruptcy Court. (Bankr. D. Colo. Case No.

08-23125, ECF No. 1.)[1]  None of the above-named Defendants have filed a proof of

claim against the estate in the bankruptcy case.  (ECF No. 1, at 2; ECF No. 7, at 4.)

On January 27, 2010, Mercury Companies, Inc. (hereinafter, "Plaintiff") filed a

related adversary proceeding ("Adversary Proceeding") against Defendant FNF Security

Acquisition, Inc. ("FNF") in the Bankruptcy Court.  (Bankr. D. Colo. Case No. 10-01133,

ECF No. 1.)[2]  The Adversary Proceeding arose from an alleged stock purchase

agreement between Plaintiff and FNF under which FNF agreed to purchase from

Plaintiff all of the outstanding capital stock of four of Plaintiff's subsidiaries.  (*Id.*)  The

Complaint in the Adversary Proceeding alleged, *inter alia*, that FNF breached that stock

purchase agreement.  (*Id.*)

On June 14, 2010, Plaintiff filed the operative First Amended Complaint in the

Adversary Proceeding, bringing claims against FNF for fraudulent transfer, breach of

contract (in the alternative), and breach of the implied covenant of good faith and fair

dealing (in the alternative).  (AP ECF No. 20.)  The operative complaint also added as

defendants the other above-named Defendants, each of which was either a subsidiary

sold by Plaintiff to FNF under the stock purchase agreement, or an entity related to one

of those subsidiaries.  (*Id.*)  Plaintiff's claims against those entities – fraudulent transfer,

and preference (in the alternative) – are based on Plaintiff's alleged mistaken transfer of

$1.68 million to those entities immediately following the sale of the subsidiaries to FNF.

---

[1] The action was automatically referred to the Bankruptcy Court pursuant to D.C.COLO.LCivR Rule 84.1.A.

[2] Docket entries of the Adversary Proceeding will hereinafter be cited to as "AP ECF No. __."  Docket entries in this action will be cited to as "ECF No. __."

(*Id.*)

On August 15, 2011, Defendants filed a Motion to Withdraw the Reference in the Adversary Proceeding.  (AP ECF No. 141; *see also* ECF No. 1.)  After Plaintiff filed its Response (AP ECF No. 161; *see also* ECF No. 7), the Bankruptcy Court referred the Motion to this Court pursuant to D.C.COLO.LCivR Rule 84.1.C.4 (AP ECF No. 164, 165; *see also* ECF No. 8, 9).  Defendants have filed a Reply.  (ECF No. 14.)

## II.  PARTIES' ARGUMENTS

In Defendants' pending Motion, they argue that, based on the Supreme Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its previous rulings in *Langenkamp v. Culp*, 498 U.S. 42 (1990), *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), and *Katchen v. Landy*, 382 U.S. 232 (1966), the Bankruptcy Court does not have the authority to enter orders and judgment on Plaintiffs' claims in the Adversary Proceeding.  They therefore argue that the referral of this action to the Bankruptcy Court should be withdrawn, and the action should be moved to this Court.  In response, Plaintiff argues, *inter alia*, that Defendants have consented to the authority of the Bankruptcy Court to enter orders and judgment in this action by litigating this action in the Bankruptcy Court for nearly 19 months.  In reply, Defendants argue, *inter alia*, that one cannot consent to the Bankruptcy Court's jurisdiction where the Bankruptcy Court does not have the authority to resolve claims before it.

## III.  ANALYSIS

There is some question in this case as to whether the Bankruptcy Court would have had the authority, absent the parties' consent, to enter orders and judgment in the

Adversary Proceeding.  *See Stern v. Marshall*, 131 S. Ct. 2594 (2011) (holding that

Bankruptcy Court did not have the constitutional authority to enter a final judgment on a

state law counterclaim that was not resolved in the process of ruling on a creditor's

proof of claim); *Langenkamp v. Culp*, 498 U.S. 42 (1990) (holding that a creditor who

files a proof of claim against a bankruptcy estate is not entitled to a jury trial on a

trustee's preference claim against it, emphasizing the importance of whether the

creditor filed a proof of claim against the estate); *Granfinanciera, S.A. v. Nordberg*, 492

U.S. 33 (1989) (holding that an entity that has not filed a proof of claim against a

bankruptcy estate has a right to a jury trial on a trustee's fraudulent transfer claim

against it).

However, the Court need not resolve that question because both parties

consented to the Bankruptcy Court's authority to enter orders and judgment in the

Adversary Proceeding.  There is substantial support for that conclusion.

First, both parties admitted in their pleadings in the Adversary Proceeding that

the Bankruptcy Court had jurisdiction over the action and that the action was a core

proceeding under 28 U.S.C. § 157.[3]  Bankruptcy courts have authority to enter orders

_____

[3] Specifically, Plaintiff's original Complaint in the Adversary Proceeding alleged that the Bankruptcy Court had jurisdiction over the Adversary Proceeding under 28 U.S.C. §§ 157(a), 157(b), and 1334(b), and that the Adversary Proceeding was a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (E), (F), (H), (K), and (O).  (AP ECF No. 1, ¶¶ 5-6.)  In the Answer to that Complaint, filed on March 31, 2010, Defendants admitted that the Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157(a), 157(b), and 1334(b), and that the Adversary Proceeding was a core proceeding under 28 U.S.C. § 157(b)(2)(E), (F), and (H).  (AP ECF No. 10, at 2 ¶¶ 5-6.)  After Plaintiff amended the complaint (AP ECF No. 20), Defendants filed an Answer to that complaint on August 11, 2010, which again admitted that the Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157(a), 157(b), and 1334(b), and that the Adversary Proceeding was a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H).  (AP ECF No. 33, at 3 ¶¶ 10-11.)  In both Answers, Defendants also filed counterclaims against Plaintiff, in which Defendants alleged that the Bankruptcy Court had jurisdiction over the counterclaims under 28

and judgment in core proceedings. *See* 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, . . . and may enter appropriate orders and judgments . . . ."); *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1172 (10th Cir. 2000) ("[B]ankruptcy courts have plenary jurisdiction over 'core' bankruptcy proceedings . . . ."). Although a court is not bound by the parties' agreement that an action is a core proceeding, *Teton Exp. Drilling, Inc. v. Bokum Res. Corp.*, 818 F.2d 1521, 1524-25 (10th Cir. 1987), "an allegation that the proceeding is core serves as an express consent for the bankruptcy court to treat that proceeding as core and enter a final order in that proceeding," *In re C.W. Mining Co.*, No. 2:09CV417DAK, 2009 WL 4906702, at *2 (D. Utah Dec. 11, 2009). The parties' admissions in their pleadings that the Adversary Proceeding was a core proceeding constituted consent to the authority of the Bankruptcy Court to enter orders and judgment in the proceeding.

Also, 28 U.S.C. § 157(c)(2) specifically provides that, with the parties' consent, a bankruptcy judge can even issue orders and judgment in a *non*-core proceeding. So that there is no confusion as to the parties' consent, Federal Rule of Bankruptcy Procedure 7012(b) specifically requires that a party filing a responsive pleading in an adversary proceeding "admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, [the responsive pleading] shall include a statement that the party does or does not consent to entry of final orders or

---

U.S.C. § 1334(b), and that the Adversary Proceeding was a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O). (AP ECF No. 10, at 14 ¶ 5; AP ECF No. 33, at 13 ¶ 5.) Plaintiff admitted those jurisdictional allegations in its Answers to the counterclaims. (AP ECF No. 13 ¶ 5; AP ECF No. 34 ¶ 5.)

judgment by the bankruptcy judge." Here, not only did the parties admit in their responsive pleadings that the action was a core proceeding, but neither party made any allegation that the action or any claim therein was non-core, and neither party made any mention that they did not consent to the authority of the Bankruptcy Court to enter orders and judgment (as they were required to do under Federal Rule of Bankruptcy Procedure 7012(b) if they believed it was a non-core proceeding). This also constituted consent to the authority of the Bankruptcy Court to enter orders and judgment in the Adversary Proceeding. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1293 (10th Cir. 1980) (observing that where an answer fails to deny jurisdictional allegations, the allegations are properly deemed admitted).

Finally, the Adversary Proceeding was filed on January 27, 2010, and Defendants waited nearly 19 months, until August 15, 2011, to challenge the authority of the Bankruptcy Judge to enter orders and judgment in the Adversary Proceeding. In the meantime, not only did Defendants consent in their responsive pleadings to the authority of the Bankruptcy Court to enter orders and judgment, but they also heavily litigated the action in the Bankruptcy Court, filing a witness and exhibit list (ECF No. 46), deposition notices (AP ECF No. 59, 64-66, 105, 106, 111), expert disclosures (AP ECF No. 97), a motion for partial summary judgment (AP ECF No. 90), a motion for summary judgment (AP ECF No. 124), and a motion *in limine* (AP ECF No. 125). In so doing, Defendants' impliedly consented to the authority of the Bankruptcy Court to enter orders and judgment in the Adversary Proceeding. *See In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 96 (2d Cir. 2005) ("[L]ienors, by litigating their maritime liens before the

bankruptcy court, consented to the bankruptcy court's equitable jurisdiction to adjudicate and extinguish their liens . . . ."); *In re Kaiser Steel Corp.*, 95 B.R. 782, 788 (Bankr. D. Colo. 1989) ("[C]onsent under [28 U.S.C. §] 157(c)(2) . . . may be implied from a timely failure to object to the Bankruptcy Court's jurisdiction; or it may be implied from any act which indicates a willingness to have the Bankruptcy Court determine a claim or interest."). Further, Defendants also filed counterclaims in the Bankruptcy Court, which also indicated their willingness to litigate the action there. *In re Kaiser Steel Corp.*, 95 B.R. 782, 788 (Bankr. D. Colo. 1989) ("By filing a [counterclaim in an adversary proceeding], a party indicates a willingness to have the Bankruptcy Court determine the validity and amount of that claim.") (citation omitted).

In response to Plaintiff's argument that Defendants consented to the Bankruptcy Court's authority, Defendants only cite to *Stern* and a single secondary source discussing *Stern*. (ECF No. 14, at 3.) However, in *Stern* itself, the Court held that the defendant in the adversary proceeding had consented to the authority of the Bankruptcy Court to resolve his defamation claim against the debtor by filing the claim and litigating it there for over two years. 131 S. Ct. at 2606-08. "If [the defendant] believed that the Bankruptcy Court lacked the authority to decide his claim for defamation, then he should have said so – and said so promptly." *Id.* at 2608. This holding constitutes a clear rejection of Defendant's argument that one cannot consent to the authority (constitutional or otherwise) of the bankruptcy court to enter final orders and judgment in an adversary proceeding. This is confirmed by the numerous post-*Stern* decisions in which courts have held that one can so consent. *See, e.g.*, *In re GB Herndon and Associates, Inc.*, No. 10-10052, 2011 WL 4628805, at *8-*12 (Bankr. D.D.C. Oct. 4,

2011); *In re Pro-Pac, Inc.*, No. 07-2110, 2011 WL 4469973, at *2 (Bankr. E.D. Wis.

Sept. 27, 2011); *In re Oxford Expositions, LLC*, No. 11-01095, 2011 WL 4074028, at

*8-*9 (Bankr. N.D. Miss. Sept. 13, 2011); *In re Safety Harbor Resort & Spa*, No.

8:10–bk–25886, 2011 WL 3849639, at *11-*12 (Bankr. M.D. Fla. Aug. 30, 2011); *In re*

*Olde Prairie Block Owner, LLC*, No. 10 B 22668, 2011 WL 3792406, at *6-*9 (Bankr.

N.D. Ill. Aug. 25, 2011).

Defendants' motivation for seeking to withdraw the Adversary Proceeding from

the Bankruptcy Court at this late stage of the Adversary Proceeding is unclear.

Defendants imply that the recent Supreme Court decision in *Stern* prompted them to do

so.  Implicit in this is Defendants' apparent belief that they now have a legitimate basis

to have the reference withdrawn, whereas prior to *Stern* they did not have a legitimate

basis to have the reference withdrawn.

This implicit argument is unpersuasive.  Defendants cite case law describing

*Stern* as a "watershed" decision, and a "bombshell."  However, the Supreme Court's

holding in *Stern* – that bankruptcy courts do have the authority to enter final judgments

on state law counterclaims that are not resolved in the process of ruling on creditors'

proofs of claim – was explicitly narrow:

> We do not think the removal of counterclaims such as [the one in this
> action] from core bankruptcy jurisdiction meaningfully changes the division
> of labor in the current statute; . . . we agree with the United States that ***the***
> ***question presented here is a "narrow" one***.
> . . .
> Article III of the Constitution provides that the judicial power of the United
> States may be vested only in courts whose judges enjoy the protections
> set forth in that Article.  We conclude today that Congress, ***in one***
> ***isolated respect***, exceeded that limitation in the Bankruptcy Act of 1984.
> The Bankruptcy Court below lacked the constitutional authority to enter a

> final judgment on a state law counterclaim that is not resolved in the
> process of ruling on a creditor's proof of claim.

*Stern*, 131 S. Ct. at 2620 (emphasis added).  This action does not fall within that explicitly narrow holding – the Adversary Proceeding does not involve a counterclaim brought against a creditor that had filed a proof of claim against the bankruptcy estate.

Instead, the much older Supreme Court cases of *Langenkamp v. Culp*, 498 U.S. 42 (1990), and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), appear to provide a stronger basis for Defendants' argument that the reference should be withdrawn. Those cases dealt with the same type of claims involved in the Adversary Proceeding – fraudulent transfer and preference – and those cases emphasized the importance of whether the defendant in the adversary proceeding had filed a proof of claim against the bankruptcy estate.  Indeed, throughout their Motion and Reply, Defendants cite to *Langenkamp* and *Granfinanciera* almost as heavily as they cite to *Stern*.  The fact of the matter is that *Stern* did not significantly change the legal landscape relevant to Plaintiff's claims against Defendants in the Adversary Proceeding.  Thus, there is no (apparent) legitimate basis for Defendants to have waited nearly 19 months to attempt to withdraw the reference in the Adversary Proceeding.  During that nearly 19-month period, Defendants repeatedly manifested their consent to the authority of the Bankruptcy Court to enter orders and judgment in the Adversary Proceeding.  Therefore, the Court refuses to withdraw the reference at this late stage of that proceeding.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.      Defendants' Motion to Withdraw the Reference (ECF No. 1) is DENIED; and

2.      This action is hereby REFERRED to the United States Bankruptcy Court for the

District of Colorado for all further proceedings.

Dated this 31st day of October, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge